UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| MIA BROWN, <br><br> *Plaintiff*, <br><br> -v- <br><br> KENNETH WILLIAMS and PLATEAU EXCAVATION, INC., <br><br> *Defendants*. | Civil Case No.:  1:26-cv-00616-MGL <br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiff, by and through undersigned counsel, alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of the State of North Carolina.

2. Defendant Kenneth Williams ("Williams") is a citizen and resident of the State of Georgia.

3. Defendant Plateau Excavation, Inc. ("Plateau") is a federally-regulated motor carrier, USDOT number 1013537, subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 350–399. Plateau is a citizen and resident of the State of Georgia as it was incorporated in the State of Georgia and operates its headquarters in Austell, Georgia.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Aiken, South Carolina, within the Aiken of this Court.

## FACTUAL ALLEGATIONS

6. On June 23, 2025, Plaintiff was operating a motor vehicle eastbound on Interstate 20 in Aiken, South Carolina.

7. Williams, operating a commercial vehicle owned, leased, maintained, controlled, and/or dispatched by Plateau, was also driving east on Interstate 20 behind Plaintiff's vehicle.

8. Williams was distracted and inattentive and crashed into the rear-end of Plaintiff's vehicle.

9. Plaintiff had no reasonable opportunity to avoid the collision, which was caused solely by Williams's unsafe and unlawful driving.

10. As a direct and proximate result of the collision, Plaintiff sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

11. Williams knew or should have known that inattentive, distracted and unsafe operation of a commercial vehicle by a commercial driver presents a high probability of a causing a collision that results in severe injury or death.

12. Plateau knew or should have known that failing to implement, enforce, or supervise basic safety rules, including compliance with the Federal Motor Carrier Safety

Regulations ("FMCSRs"), presents a high probability of causing a collision that results in severe injury or death.

## FIRST CAUSE OF ACTION

(Negligence Against Defendant Williams)

13. Plaintiff adopts and realleges the preceding paragraphs.

14. Williams owed Plaintiff a duty to operate his commercial vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

15. Williams breached that duty by, among other things:

   a. Improperly changing lanes is an unsafe and prohibited maneuver;

   b. Failing to yield the right-of-way to Plaintiff's vehicle;

   c. Failing to maintain a proper lookout;

   d. Failing to account for the known limitations of his commercial vehicle;

   e. Operating the vehicle carelessly and recklessly.

16. As a direct and proximate result of Williams's negligence, Plaintiff sustained the injuries and damages described below.

## SECOND CAUSE OF ACTION

(Negligence *Per Se* Against Defendant Williams)

17. Plaintiff adopts and realleges the preceding paragraphs.

18. Williams violated applicable South Carolina traffic statutes governing lane changing and right-of-way.

19. Williams further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

20. These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

21. Williams's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

22. Plateau is vicariously liable for the negligence *per se* of its employee and agent, Williams.

### THIRD CAUSE OF ACTION

(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant Williams)

23. Plaintiff adopts and realleges the preceding paragraphs.

24. In addition to the foregoing acts of negligence and negligence *per se*, Williams' distracted, inattentive and unsafe driving constituted recklessness, willfulness, and wantonness and a conscious disregard for the safety of others.

25. Plaintiff is entitled to punitive damages pursuant to South Carolina law.

26. Plateau is vicariously liable for the reckless, willful, and wanton conduct of its employee and agent, Williams.

### FOURTH CAUSE OF ACTION

(Vicarious Liability, Respondeat Superior Against Defendant Plateau)

27. Plaintiff adopts and realleges the preceding paragraphs.

28. Williams was acting within the course and scope of his agency or employment with Plateau at all relevant times.

29. Plateau is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, Williams.

## FIFTH CAUSE OF ACTION

(Negligent Hiring, Training, Supervision, And Retention Against Defendant Plateau)

30. Plaintiff adopts and realleges the preceding paragraphs.

31. Plateau owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, entrustment and retention of its drivers, including Williams.

32. Plateau breached these duties by hiring and retaining Williams despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

33. Plateau further breached that duty by failing to ensure Williams was properly trained in the safe operation of commercial vehicles, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe driving.

34. Plateau also failed to adequately supervise and monitor Williams's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

35. Plaintiff is entitled to recover actual and punitive damages against Plateau for its direct negligence.

## SIXTH CAUSE OF ACTION

(Negligent Entrustment Against Defendant Plateau)

36. Plaintiff adopts and realleges the preceding paragraphs.

37. Plateau entrusted Williams with a commercial motor vehicle despite knowing or having reason to know he posed an unreasonable risk of harm to others.

38. Plaintiff is entitled to recover actual and punitive damages against Plateau for its direct negligence.

## SEVENTH CAUSE OF ACTION

(Negligent Maintenance, Policies, and Safety Management Against Defendant Plateau)

39. Plaintiff adopts and realleges the preceding paragraphs.

40. Plateau failed to properly and adequately maintain the commercial motor vehicle operated by Williams, such that defective equipment caused or contributed to the rear-end collision.

41. Plateau further failed to implement and enforce adequate policies and procedures governing vehicle maintenance and repair, driver safety training, and safe driver monitoring.

42. Plateau violated its duties under 49 C.F.R. § 390.3(e) and related FMCSRs and South Carolina law.

43. Plaintiff is entitled to recover actual and punitive damages against Plateau for its direct negligence.

## DAMAGES

44. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

    a. Past and future medical expenses;

    b. Past and future pain and suffering;

    c. Mental anguish and emotional distress;

  d. Loss of enjoyment of life and impairment;

  e. Permanent injury, permanent scarring and disability;

  f. Lost wages and loss of earning capacity;

  g. Household services and other out-of-pocket expenses;

  h. Pre- and post-judgment interest as allowed by law; and

45. Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
Attorneys for the Plaintiff

February 12, 2026
Charleston, South Carolina