**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

MIA BROWN,

          *Plaintiff*,

v.

KENNETH WILLIAMS and PLATEAU
EXCAVATION, INC.,

          *Defendants*.

Civil Action No. 1:26-cv-00616-MGL

## ANSWER

Defendants Kenneth Williams ("Williams") and Plateau Excavation, Inc. ("Plateau" and, collectively with Williams, "Defendants"), by and through counsel, state as follows for their answer to the enumerated paragraphs of the Complaint filed by Plaintiff Mia Brown ("Brown"):

### PARTIES, JURISDICTION, AND VENUE[1]

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 attempt to state legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge

---

[1] The headings and other organizational conventions in the Complaint do not constitute factual allegations and thus require no response; to the extent Plaintiff attempts to draw any inferences therefrom, Defendants deny any and all such inferences.

85932792;2

or information to form a belief as to the truth of the amount in controversy allegation contained in paragraph 4, but otherwise do not challenge subject matter jurisdiction in this Court.

5.    The allegations contained in paragraph 5 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants do not dispute venue in this Court.

## FACTUAL ALLEGATIONS

6.    Upon information and belief, Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.    Defendants admit that on or about June 23, 2025, Williams was operating a commercial vehicle on Interstate 20 in Aiken County, South Carolina, in connection with his employment with Plateau.  Except as admitted herein, paragraph 7 of the Complaint is denied.

8.    Defendants deny the allegations contained in paragraph 8.

9.    Defendants deny the allegations contained in paragraph 9.

10.    Defendants deny the allegations contained in paragraph 10.

11.    The allegations contained in paragraph 11 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 11.

12.    The allegations contained in paragraph 12 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 12.

## FIRST CAUSE OF ACTION
### (Negligence Against Defendant Williams)

13.     To the extent any response to paragraph 13 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

14.     The allegations contained in paragraph 14 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Williams breached any duty that may have been owed to Plaintiff, deny that he operated a vehicle unsafely or unlawfully, and deny any remaining allegations contained in paragraph 14.

15.     The allegations contained in paragraph 15 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 15.

16.     The allegations contained in paragraph 16 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 16.

## SECOND CAUSE OF ACTION
### (Negligence *Per Se* Against Defendant Williams)

17.     To the extent any response to paragraph 17 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

18.     The allegations contained in paragraph 18 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 18.

3

19.     The allegations contained in paragraph 19 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 19.

20.     It is admitted that the statutes and regulations referenced in paragraph 20 are in writing and speak for themselves, and Defendants refer to the statutes and regulations for their full content.  To the extent paragraph 20 purports to characterize, paraphrase, or state the contents or legal effect of any such statutes or regulations, Defendants deny any allegation inconsistent with their actual text.

21.     The allegations contained in paragraph 21 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 21.

22.     The allegations contained in paragraph 22 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 22.

## THIRD CAUSE OF ACTION
**(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant Williams)**

23.     To the extent any response to Paragraph 23 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

24.     The allegations contained in paragraph 24 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 24.

25.     The allegations contained in paragraph 25 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 25 and aver that Plaintiff is not entitled to punitive damages.

26.     The allegations contained in paragraph 26 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 26.

**FOURTH CAUSE OF ACTION**
**(Vicarious Liability, Respondeat Superior Against Defendant Plateau)**

27.     To the extent any response to paragraph 27 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

28.     The allegations contained in paragraph 28 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that on or about June 23, 2025, Williams was operating a commercial vehicle on Interstate 20 in Aiken County, South Carolina, in connection with his employment with Plateau.  Except as admitted herein, paragraph 28 of the Complaint is denied.

29.     The allegations contained in paragraph 29 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 29.

**FIFTH CAUSE OF ACTION**
**(Negligent Hiring, Training, Supervision, and Retention Against Defendant Plateau)**

30.     To the extent any response to paragraph 30 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

31.    The allegations contained in paragraph 31 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 31.

32.    The allegations contained in paragraph 32 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 32.

33.    The allegations contained in paragraph 33 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 33.

34.    The allegations contained in paragraph 34 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 34.

35.    The allegations contained in paragraph 35 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 35.

**SIXTH CAUSE OF ACTION**
**(Negligent Entrustment Against Defendant Plateau)**

36.    To the extent any response to paragraph 36 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

37.    The allegations contained in paragraph 37 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 37.

6

38.     The allegations contained in paragraph 38 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 38.

## SEVENTH CAUSE OF ACTION
### (Negligent Maintenance, Policies, and Safety Management Against Defendant Plateau)

39.     To the extent any response to paragraph 39 is required, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as though fully stated herein.

40.     The allegations contained in paragraph 40 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 40.

41.     The allegations contained in paragraph 41 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 41.

42.     The allegations contained in paragraph 42 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 42.

43.     The allegations contained in paragraph 43 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 43.

## DAMAGES

44.     The allegations contained in paragraph 44 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 44.

45.     The allegations contained in paragraph 45 attempt to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 45 and aver that Plaintiff is not entitled to punitive damages.

## **AFFIRMATIVE DEFENSES**

Defendants, by and through their undersigned counsel, state the following facts germane to Defendants Affirmative Defenses pled below:

46.     On or about June 23, 2025, Williams was operating a commercial vehicle driving eastbound on Interstate 20 in Aiken County, South Carolina, in connection with his employment with Plateau.  Williams was in congested traffic requiring intermittent stops caused by construction.

47.     Around the same time, Brown was operating a 2021 Nissan Rogue registered to Michelle Burton, driving eastbound on Interstate 20 in Aiken County, South Carolina.

48.     Prior to the accident, Brown was driving in a different lane than Williams.  Brown initially approached the portion of Interstate 20 where Williams was by traveling along the right shoulder, presumably to go around some of traffic on the road at the time.

49.     Brown, without adequate signaling, hastily crossed from the shoulder through an emergency lane and the right lane of traffic, resulting in her vehicle being located immediately in front of Williams's vehicle.

50.     Shortly after switching lanes and positioning herself in front of Williams' truck, Brown abruptly reduced the speed of her vehicle coming to an abrupt stop.

51.     Brown's conduct created a sudden emergency and left Williams with insufficient time and distance to avoid a collision.

52.     Williams made reasonable efforts to prevent contact between the vehicles but was unable to fully avoid a collision.  Those efforts, however, resulted in a low speed, low impact collision that did not cause significant damage to Brown's vehicle despite the size difference between the two vehicles.[2]

53.     Brown failed to provide adequate warning to traffic behind her, including Williams, of her sudden deceleration despite the opportunity and duty to fellow drivers to do so.

54.     Brown failed to keep a proper lookout, failed to maintain proper control of her vehicle, failed to operate at a reasonable and prudent speed for conditions, and otherwise drove in an unsafe and reckless manner.

55.     Through this negligent and reckless operation of a motor vehicle, Brown violated duties imposed by South Carolina traffic statutes, including but not limited to failure to reduce speed appropriately to avoid a collision, in violation of S.C. Code § 56-5-1520, and stopping without first giving an appropriate signal to the driver immediately to the rear when she had the opportunity to do so, in violation of S.C. Code § 56-5-2150.

56.     Brown was not visibly injured at the time of the accident and did not report any injuries to the police officer on scene in its aftermath.

57.     Photographs of Brown's car were taken shortly after the accident while the vehicle was parked on the median next to Interstate 20.  The photographs show limited damage to the Nissan Rogue Brown was driving, suggesting a low speed collision not capable of causing serious injury to either driver.  Those photographs were appended to an incident report created by Plateau shortly after the collision.  The incident report is appended to this Answer as Exhibit 1.

---

[2] Any damage to Brown's vehicle is not at issue in this matter.

58.     The contemporaneously recorded incident report also indicates that no injuries were reported by either driver.

59.     To the extent not expressly admitted herein, Defendants deny the allegations of the Complaint and aver that Plaintiff is not entitled to relief of any kind.

Based upon the above facts and Defendants' denials of untrue allegations in the Complaint as stated herein, Defendants hereby assert the following defenses to this Action:

**Affirmative Defense No. 1**:  The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted as to one or more causes of action.

**Affirmative Defense No. 2**:  Plaintiff's claims are barred, in whole or in part, by her own negligence, recklessness, carelessness, willfulness, and/or wantonness, including but not limited to suddenly and unnecessarily braking, stopping or suddenly decreasing speed, failing to keep a proper lookout, failing to maintain proper control of her vehicle, failing to give an appropriate signal before changing lanes, and otherwise operating her vehicle unsafely.

**Affirmative Defense No. 3**:  Plaintiff's own acts and omissions were the sole proximate cause of the collision and of any alleged injuries or damages.

**Affirmative Defense No. 4:**  Any actions taken by Williams were taken in response to a sudden emergency created by Plaintiff and/or third parties, without sufficient time for deliberate judgment, and therefore do not constitute actionable negligence.

**Affirmative Defense No. 5**:  Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**Affirmative Defense No. 6**:  Plaintiff's alleged injuries were caused in whole or in part by preexisting, subsequent, or unrelated conditions or events for which Defendants are not responsible.

10

**Affirmative Defense No. 7**:  Plaintiff's alleged damages, if any, were caused or contributed to by the acts or omissions of Plaintiff and/or third parties, constituting an intervening or superseding cause.

**Affirmative Defense No. 8**:  Plaintiff voluntarily and knowingly engaged in risky activities while operating her motor vehicle, absolving Defendants of any duty to Plaintiff.

**Affirmative Defense No. 9**:  An award of punitive damages under the circumstances would violate the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution as inconsistent with due process guarantees.

**Affirmative Defense No. 10**:  Without waiving their defense that an award of punitive damages would be unconstitutional under the circumstances, Defendants deny that Plaintiff can satisfy the legal or factual prerequisites for punitive damages and demand strict proof thereof.

**Affirmative Defense No. 11**:  Without waiving their defense that an award of punitive damages would be unconstitutional under the circumstances, Defendants plead the statutory cap on punitive damages as set forth in S.C. Code § 15-32-530.

Defendants reserve the right to amend this Answer as additional defenses and/or counterclaims become apparent, up to and including at the time of trial.

11

This 24th day of March, 2026.

AKERMAN LLP

*/s/ Chadwick S. Devlin*
Chadwick S. Devlin (Bar No. 12390)
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3823
chadwick.devlin@akerman.com

Samuel G. Mann (*pro hac vice* forthcoming)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Telephone: (704) 625-7703
samuel.mann@akerman.com

*Counsel for Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing ANSWER with the

Clerk of the Court using the CM/ECF system, and served on all counsel of record via the Court's

CM/ECF system.

This 24th day of March, 2026.

**AKERMAN LLP**

*/s/ Chadwick S. Devlin*
Chadwick S. Devlin (Bar No. 12390)
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3823
chadwick.devlin@akerman.com

*Counsel for Defendants*