IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Mia Brown,<br><br>                              Plaintiff,<br><br>v.<br><br>Kenneth Williams and<br>Plateau Excavation, Inc.,<br><br>                              Defendants. | Case No.:  1:26-cv-00616-MGL<br><br><br>**JOINT LOCAL CIV. RULE 26.03<br>RESPONSES** |

The parties have conferred and jointly submit the following responses to Local Civ. Rule 26.03 interrogatories:

    a.  A short statement of the facts of the case.

**RESPONSE:**

**This lawsuit arises from a motor vehicle collision that occurred on June 23, 2025. Plaintiff Mia Brown was operating a 2021 Nissan Rogue eastbound on Interstate 20 in Aiken County, South Carolina. Defendant Kenneth Williams was operating a commercial motor vehicle eastbound on Interstate 20. Plaintiff alleges that Williams, while operating a commercial vehicle for Defendant Plateau, collided with Plaintiff's vehicle and caused Plaintiff to suffer injuries and damages. Defendants contend that shortly before the incident Plaintiff traveled along the right shoulder and then moved into the travel lane in front of Williams's vehicle. Defendants also contend that Plaintiff then reduced speed and/or stopped and the vehicles made contact. Defendants deny all liability and deny the allegations in the Complaint.**

    b.  The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**PLAINTIFF'S RESPONSE:**

**Plaintiff Mia Brown**

**Plaintiff expects to testify regarding the facts of the collision, which is the subject of the case, as well as her background, her medical condition before and after the crash, the medical treatment she received, and the impact on her life.**

**Defendant Kenneth Williams**

1

**Mr. Williams is expected to testify regarding his background, the facts of the collision, and his training and supervision with Plateau Excavation, Inc.**

**Representatives of Plateau Excavation, Inc.**

**Representatives of Plateau Excavation, Inc. are expected to testify regarding their investigation of the facts of the collision, the hiring of Mr. Williams, the methods used to supervise Mr. Williams, their policies regarding driver supervision and retention, as well as any other corporate policies and procedures dealing with safety.**

**STPR K. C. Meyer – SCHP Troop 7**

**STPR Meyer is expected to testify regarding his investigation of the collision that is the subject of this action.**

**Kimberly A. Clark, MD – Cape Fear Valley Hoke Hospital**

**Dr. Clark is expected to testify regarding the treatment provided to Plaintiff at her immediate visit to ER following the collision, including any opinions formed in the course of treatment regarding diagnosis or prognosis.**

**Thai Truong, MD – Apex Orthopaedics Spine & Neurology**

**Dr. Truong is expected to testify regarding the orthopedic treatment provided to Plaintiff following the collision, including any opinions formed in the course of treatment regarding diagnosis or prognosis.**

**DEFENDANTS' RESPONSE[1]:**

**Defendants identify the following individuals as fact witnesses likely to have discoverable information and who may be called at trial:**

**Mia Brown (Plaintiff)** Plaintiff is expected to have knowledge regarding the circumstances of the collision, the maneuvering of Plaintiff's vehicle prior to and contemporaneous with the collision, traffic conditions, Plaintiff's driving record and observance of traffic laws, and Plaintiff's alleged injuries, medical treatment, and claimed damages.

---

[1] Defendants reserve all right to object to Plaintiff's proposed scope of testimony she may be seeking from Defendants and/or their representatives.

**Kenneth Williams (Defendant)** Mr. Williams is expected to testify regarding the circumstances of the collision, the maneuvering of the vehicles before and at the time of the collision, traffic conditions, and his observations at the scene.

**Joseph Dudley (Corporate Safety Director, Plateau Excavation, Inc.)** Mr. Dudley is expected to testify regarding Plateau's accident reporting procedures, the reporting and documentation of the subject collision, and supervision of Plateau drivers.

**Law enforcement officer(s) who responded to the accident scene and/or authored any police report** responding officer(s) are expected to testify regarding the report of the collision to law enforcement, any investigation performed, and any crash report or related documentation generated.

**All witnesses disclosed by Plaintiff**. Defendants may call any witnesses identified by Plaintiff in discovery and expect such witnesses to testify consistent with their knowledge and disclosures.

c.  The names and subject matter of expert witnesses (if no witnesses have been identified,

the subject matter and field of expertise should be given as to experts likely to be

offered).

**DEFENDANTS' RESPONSE: Defendants have not identified any expert witnesses at this time. Defendants reserve the right to designate expert witnesses in accordance with the Court's scheduling order, which may include both affirmative and rebuttal experts.**

**PLAINTIFF'S RESPONSE:**

**Plaintiff intends to elicit expert testimony from some or all of Plaintiff's treatment providers as identified above, in discovery, and in Plaintiff's 26(a)(1) disclosures. Plaintiff has not identified any retained experts at this time. Plaintiff may retain additional expert witnesses, who will be disclosed by the Court's deadline.**

d.  A summary of the claims or defenses with statutory and/or case citations supporting same.[2]

**PLAINTIFF'S RESPONSE:**

**Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).**

**Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).**

**Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).**

**Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).**

**As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.**

**DEFENDANTS' RESPONSE: Defendants deny that Plaintiff is entitled to recover on her asserted causes of action and contend that Plaintiff cannot prove one or more required elements of each claim, as set forth below:**

**Negligence: Plaintiff must demonstrate (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach. *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 163, 714 S.E.2d 869, 873 (2011).**

---

[2] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

**Negligence Per Se: Plaintiff must establish (1) a statute created a duty to the plaintiff; and (2) the defendant breached that duty by violating the statute. *See Seals by Causey v. Winburn,* 314 S.C. 416, 418, 445 S.E.2d 94, 96 (Ct. App. 1994).**

**Vicarious Liability/Respondeat Superior: Plaintiff must show (1) the existence of an employer-employee relationship; (2) the employee committed a tortious act; and (3) the act occurred within the course and scope of employment. *See James v. Kelly Trucking Co.,* 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008).**

**Negligent Hiring, Training, Supervision, and Retention: Plaintiff must prove (1) the employer knew or should have known that hiring, supervising, or retaining the employee created an undue risk of harm; (2) the employer was negligent in hiring, supervising, training, or retaining the employee; and (3) the employer's negligence was a proximate cause of the plaintiff's injury. *See James v. Kelly Trucking Co.,* 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008).**

**To the extent Plaintiff seeks recovery for alleged statutory or regulatory violations, Defendants deny any violation and deny that any such alleged violation proximately caused Plaintiff's alleged injuries.**

**Defendants further contend that Plaintiff's claims are barred or reduced by Plaintiff's own negligence and comparative fault. *See* S.C. Code § 15-38-15 (modified comparative negligence). Defendants also assert defenses including, but not limited to, sudden emergency, failure to mitigate damages, lack of proximate cause, intervening/superseding cause, and that Plaintiff's alleged damages were caused in whole or in part by preexisting, subsequent, or unrelated conditions. *See, e.g., <u>Hopson v. Clary</u>,* 321 S.C. 312, 316, 468 S.E.2d 305, 308 (Ct. App. 1996) (affirming directed verdict for defendant where plaintiff failed to prove actionable negligence and plaintiff's own negligence in making an unsafe U-turn exceeded defendant's as a matter of law, barring recovery).**

**Defendants deny that Plaintiff can satisfy the legal and factual prerequisites for punitive damages and demand strict proof thereof, and contend that punitive damages under these circumstances are limited by statutory and constitutional protections. *See* <u>S.C. Code § 15-32-530 ; U.S. Const. amends. V, VI, XIV; S.C. Const. art. I, § 3.</u>**

e.  Absent special instructions from the assigned Judge, the parties shall propose dates for

the following deadlines listed in local Civil Rule 16.02.

**<u>RESPONSE</u>: A consent proposed amended scheduling order is being submitted contemporaneously herewith.**

f.   Any special circumstances that would affect the time frames applied in preparing the scheduling order:

**RESPONSE: The parties are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.**

g.   Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: The parties do not consent to trial before a United States Magistrate Judge at this time.**

**MORGAN & MORGAN, PA**

*/s/ Cooper Klaasmeyer*
James G. Biggart, II, Esquire (Fed. Bar 14195)
Cooper Klaasmeyer, Esquire (Fed. Bar 14272)
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
(843) 973-5186
**Attorneys for the Plaintiff**

April 27, 2026
North Charleston, SC

**AKERMAN LLP**

*/s/ Amy Errichiello*
Amy Errichiello (ID No. 14720)
Samuel G. Mann (*pro hac vice* forthcoming)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Telephone: (704) 625-7703
amy.errichiello@akerman.com
samuel.mann@akerman.com

Chadwick S. Devlin (ID No. 12390)
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3823
chadwick.devlin@akerman.com


*Counsel for Defendants*