**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

MIA BROWN,

*Plaintiff*,

v.

KENNETH WILLIAMS and PLATEAU EXCAVATION, INC.,

*Defendants*.

Civil Action No. 1:26-cv-00616-MGL

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND FOR AN AWARD OF EXPENSES**

Defendants Kenneth Williams and Plateau Excavation, Inc. ("Defendants"), pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Local Civil Rules 7.02 and 37.01 (D.S.C.), move this Court for an order compelling Plaintiff Mia Brown ("Plaintiff") to produce documents responsive to Defendants' First Set of Requests for Production of Documents, and awarding Defendants their reasonable expenses, including attorneys' fees, incurred in bringing this motion. In support, Defendants state as follows:

**PRELIMINARY STATEMENT**

This is a straightforward motion arising out of a case where plaintiff alleges she suffered serious, permanent injuries that, among other things, reduced her enjoyment of life. The available evidence—much of which Defendants had to obtain themselves to the extent available through public sources because it was not disclosed in discovery—demonstrates the opposite.

Defendants served document requests on June 5, 2026. Plaintiff responded on August 6, 2026 without a single objection as to relevance, scope, or burden for any request and, for several requests, representing that she had no responsive documents in her possession. Contemporaneous

with those responses, Plaintiff produced 21 documents consisting of 279 pages, most of which were medical records from calendar year 2025. That production did not consist of a single email, text message, social media post, or any other electronic message.

Plaintiff was deposed on September 2, 2026. Her testimony revealed that several categories of documents responsive to those requests exist (or at least existed) within the possession, custody, or control of Plaintiff. Those documents have never been produced. Following the deposition, after Defendants raised the issues of these documents, Plaintiff's counsel agreed to produce six specific categories of documents, including medical records, photographs, social media content, and travel and work records bearing directly on the injuries and limitations she puts at issue. Now, over four months after Defendants served their discovery requests and six weeks after Ms. Brown' deposition, Plaintiff has made no further production or even given a date certain for such a production.

Defendants have exhausted their good faith efforts to resolve this dispute without the Court's involvement. The continued nonproduction prevents Defendants from obtaining discovery necessary to evaluate Plaintiff's claimed injuries and to prepare this case for further proceedings. Defendants, therefore, respectfully request an order compelling production of each outstanding category by a date certain, directing Plaintiff to confirm in writing the steps she has taken to preserve responsive materials, and awarding Defendants the reasonable expenses they incurred in making this motion.

## RELEVANT BACKGROUND

Plaintiff filed a Complaint against Defendants on February 12, 2026 alleging that she sustained "serious and permanent injuries and scarring," incurred medical expenses and lost wages and earning capacity, and "endured physical pain, mental anguish, inconvenience, and loss of

enjoyment of life" as a result of a June 23, 2025 collision on Interstate 20 in Aiken, South Carolina. (Compl. ¶ 10, ECF No. 1.) Her prayer for relief seeks past and future medical expenses, past and future pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, permanent injury and disability, and lost wages and earning capacity. (Compl. ¶ 44.) Plaintiff's physical condition, activities, and limitations, and communications regarding or reflecting those conditions, activities, and limitations, are therefore central to the case.

On June 5, 2026, Defendants served their First Set of Requests for Production of Documents pursuant to Rule 34 ("Requests"), which are attached hereto as Exhibit A to the Declaration of Amy Errichiello ("Declaration"). The Requests define the relevant time period as January 1, 2025 to the present, and define "Document" to include, *inter alia*, electronically stored information, text messages, social media posts, photographs, and videos. (Ex. A at 2–3.) Among other things, the Requests seek all photographs, videos, or other visual depictions relating to the Incident[1] (Request No. 2); all documents reflecting communications regarding the Incident (Request No. 3); all medical records relating to claimed injuries (Request No. 4); documents sufficient to show physical, mental, or emotional limitations claimed as a result of the Incident (Request No. 6); documents sufficient to show claimed limitations or changes in social life, including changes in hobbies, exercise, sports, or travel (Request No. 7); all documents relating to pre-existing or subsequent conditions similar to those claimed (Request No. 8); and all documents reflecting statements, comments, or posts made online regarding the Incident, her condition, or her recovery (Request No. 10).

[1] The "Incident" is defined as the motor vehicle collision involving Plaintiff and Williams that occurred on or about June 23, 2025, on Interstate 20 in Aiken County, South Carolina, as alleged in the Complaint. (Ex. A. at 1.)

On August 6, 2026, Plaintiff served her responses without objecting to the relevance, scope, or burden of the Requests at issue. (Pl.'s Resps. to Defs.' First Set of RFPs, attached as Ex. B to the Declaration.) For several Requests—Nos. 3, 6, 7, 8, and 10—Plaintiff stated that there were no responsive documents in her possession. (Ex. B.)

In connection with the Plaintiff's September 2, 2026 deposition, Defendants learned that documents responsive to those Requests exist within Plaintiff's possession, custody, or control and have never been produced. These documents include photographs of the vehicles involved in the collision taken on her phone, medical records concerning pre-existing injuries, and numerous social media posts depicting, among other things, Plaintiff's domestic and international travel and her participation in what appears to be vigorous physical activity since the Incident. (Decl. ¶¶ 7-9.) None of those social media posts had been produced, but rather were captured by Defendants from publicly available social media accounts. (Decl. ¶ 7.) Plaintiff testified that she did not review her phone or other electronic devices for responsive photographs or communications and did not search her home for her medical records (Decl. ¶ 8), nor did she review her social media accounts for responsive posts of or videos, while acknowledging that the account likely contains posts reflecting travel and activities relevant to her damages claim and otherwise could not recall which social media accounts used privacy settings and when those settings were put in place. (Brown Dep. Tr., 39:6–40:19, 105:16-106:10; 107:11-22; 130:8-23; 189:14-20, attached as Ex. C to the Declaration.) Plaintiff further testified that she had not undertaken any effort to preserve, search for, or collect electronic documents or social media posts, and that she was not asked to do so. (Ex. C, 39:6-40:19, 105:16-106:10, 130:12-23, 160:1-13.)

After the deposition, the parties conferred and Defendants confirmed by email on September 3, 2026 that Plaintiff would produce six categories of documents: (1) social media posts



88824251;4

from January 1, 2025 through February 12, 2026; (2) all records relating to Plaintiff's migraines; (3) all records relating to Plaintiff's 2021 wrist injury; (4) all photographs Plaintiff took of the collision and the damage to the vehicles; (5) records sufficient to show Plaintiff's travel schedule from January 1, 2025 to the present, including photos, videos, and records such as airline confirmations, hotel folios, and cruise receipts; and (6) records concerning Plaintiff's work schedules from May 1, 2025 to the present. (Decl. ¶ 11; Sept. 3, 2026 Email, attached as Ex. D to the Declaration.)

Having received no response, counsel for Defendants reached out to counsel for Plaintiff on September 14, September 21, and September 25, 2026 concerning the unproduced deadline, asking Plaintiff to produce the agreed materials by the September 30, 2026—four weeks after her deposition and nearly four months after service of the Requests. (Decl. ¶ 12.) When no production followed, Defendants sent a detailed deficiency letter on October 1, 2026 identifying each outstanding category and setting a final deadline of October 7, 2026 for production and written confirmation of preservation. (Oct. 1, 2026 Deficiency Letter, attached as Ex. E to the Declaration.) That deadline has also passed.

## ARGUMENT

### I. The Requested Documents are Plainly Within the Scope of Discovery and Must be Produced.

Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. A party may move for an order compelling production where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

The outstanding materials go to the heart of Plaintiff's case. Plaintiff claims serious and permanent physical injuries, mental anguish, and a loss of enjoyment of life, and seeks substantial

damages on that basis. Her medical records (including records of her prior migraines and her 2021 wrist injury),[2] her social media content, her photographs, and her travel and work records bear directly on the nature and extent of her claimed injuries, her physical and social limitations, the existence of pre-existing or alternative conditions, and her damages.[3] The discovery is also proportional: Plaintiff placed her physical condition, activities, and earning capacity squarely at issue, the materials are uniquely within her possession and control, and the burden of producing documents she has already agreed to produce is minimal. Indeed, Plaintiff testified that at least some of the records at issue are stored on her phone. (Ex. C, 106:6-9; 159:21-160:13; 233:19-24; 243:10-244:18.)

## II. Plaintiff Waived Any Objection to These Requests.

Rule 34 requires a responding party, for each item, either to state that inspection will be permitted or to "state with specificity the grounds for objecting to the request, including the reasons," and to state whether any responsive materials are being withheld on the basis of an objection. Fed. R. Civ. P. 34. Courts in this District have long held that the failure to timely state objections to document production requests with particularity constitutes waiver. *See D.C. v. S.C. Dep't of Soc. Servs.*, 2022 WL 22859673, at *3 (D.S.C. Nov. 4, 2022).

Plaintiff served her responses without asserting any objection based on relevance, scope, or burden. Nor has counsel raised any objections since. Having responded without objection, Plaintiff has waived any such objection, and the only question before the Court is Plaintiff's failure to produce—not whether the materials are discoverable. *See, e.g.*, *TJF Servs., Inc. v.*

[2] Plaintiff's medical records referred to pre-existing injuries to her right wrist and a past history of migraine headaches.

[3] Defendants reserve the right to seek other relief arising out of the failure to preserve, collect and produce these documents, including, but not limited to, reopening Plaintiff's deposition, seeking sanctions, and moving for a forensic analysis/collection of Plaintiff's devices. *See generally Whatley v. S.C. Dep't of Pub. Safety*, 2007 WL 120848, at *12–13 (D.S.C. Jan. 10, 2007).

*Transportation Media, Inc.*, 2019 WL 7599942, at *2–3 (E.D.N.C. Jan. 22, 2019) (supplemental objections to requests for production raised over a month after initial response were waived); *Daniel v. Chase Bank USA, N.A.*, 2008 WL 11334026, at *2 & n.3 (N.D. Ga. Apr. 9, 2008) ("Because Daniel has waived all objections to the production of documents, the Court does not directly address the relevancy or burdensomeness of these requests."). In any event, as explained herein, the materials at issue are directly relevant to the claims and defenses in this action.

Plaintiff's responses as they currently stand are otherwise in contravention of the Federal Rules. Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37. The response that Plaintiff had "no responsive documents" for Requests Nos. 3, 6, 7, 8, and 10 was contradicted by her own deposition testimony that responsive documents were never searched for or collected, and Defendant's unilateral identification of social media posts demonstrates responsive documents do exist. Under Rule 37(a)(4), that response must be treated as akin to a failure to respond. Similarly, Rule 26(e) independently obligates a party who has responded to a request for production to "supplement or correct its . . . response . . . in a timely manner" upon learning that the response is materially incomplete or incorrect. Fed. R. Civ. P. 26. Even if Plaintiff was mistaken in believing she had no responsive documents concerning those Requests, she learned no later than her September 2nd deposition that her responses were materially incorrect, and should have been supplemented. She has neither supplemented her responses nor produced the agreed-upon documents. An order compelling production under Rule 37 is therefore warranted.

### III. Defendants Are Entitled to Their Reasonable Expenses Under Rule 37(a)(5)(A).

If a motion to compel is granted—"or if the disclosure or requested discovery is provided after the motion was filed"—the court "must" require the party whose conduct necessitated the

motion to pay the movant's reasonable expenses, including attorneys' fees, unless the movant failed to confer in good faith, the nonproduction was "substantially justified," or other circumstances make an award unjust. Fed. R. Civ. P. 37. None of the exceptions apply here. Defendants conferred in good faith repeatedly at and after the deposition, through three follow-ups, and through a detailed deficiency letter before filing.

Further, Plaintiff's nonproduction cannot be substantially justified where she asserted no objection, agreed to produce the materials, and simply failed to do so. *See, e.g.*, *Novi Footwear Int'l Co. Ltd. v. Earth OpCo LLC*, 740 F. Supp. 3d 73, 79 (D. Mass. 2024) (ordering attorney's fees of over $34,000 for expenses incurred in making motion to compel for "defendants' considerable delay in complying with their discovery obligations" and "delays have been largely one-sided"); *Vilcheck v. NFP Corp.*, 2017 WL 11309768, at *3 (D.S.C. Apr. 21, 2017) (awarding over $27,000 "for work related to bringing the motion to compel, reviewing subsequently produced privilege logs and documents to determine further need to compel, and responding to objections to discovery produced after the motion to compel was filed"). Defendants therefore respectfully request an award of the reasonable expenses incurred in making this motion, inclusive of time spent researching and drafting this motion to compel and other costs associated with Plaintiff's failure to meaningfully comply with her discovery obligations.[4]

[4] Defendants further expressly reserve the right to seek attorney's fees for the incremental costs required in re-opening Plaintiff's deposition to the extent doing so becomes necessary after Plaintiff provides the requested discovery. Federal courts have recognized that such fees may be in the ambit of Rule 37(a)(5) where the discovery misconduct required a party to re-open depositions. *3E Mobile, LLC v. Glob. Cellular, Inc.*, 222 F. Supp. 3d 50, 57 (D.D.C. 2016) ("Global has not only incurred unnecessary costs by having to file a motion to compel and motion for sanctions as a result of 3E's failure to fulfill its discovery obligations, but Global will also incur additional expenses if it decides to re-depose witnesses using 3E's newly-produced documents."); *see also Vilcheck*, 2017 WL 11309768, at *3 (recognizing reimbursable fees for work "where counsel made numerous attempts to obtain production in response to its first set of requests only to find that documents were overlooked and not produced; production of those documents was delayed on numerous occasions"; and "Plaintiff has invested a great deal of time and resources into obtaining discovery from Defendants responsive to Plaintiff's discovery requests."). Because Defendant does not know what materials exist that Plaintiff has yet to produce, they are not able to estimate at this time how much additional testimony from Ms. Brown will be appropriate, but anticipate that she will need to testify, at a minimum, regarding the details

As of the date of this filing, counsel for Defendants has spent approximately 25 hours in billable time in making this motion to compel, and will provide updated figures with our reply brief. (Decl. ¶ 16.)

**IV. Defendants Have Satisfied the Pre-Filing Conference Requirements.**

Rule 37(a)(1) requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. Local Civil Rule 7.02 likewise requires an affirmation that counsel conferred or attempted to confer and attempted in good faith to resolve the matter. As set out above and in the accompanying certification and the Declaration, Defendants have satisfied their Rule 37 and Local Rule 7.02 duties by, among other things, consulting with Plaintiff's counsel at and immediately following the September 2 deposition, confirming the scope of the agreed production in writing on September 3, following up multiple times over the ensuing weeks, and serving a formal deficiency letter.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court enter an order:

(i) compelling Plaintiff to produce, no later than a date certain set by the Court, all documents responsive to Defendants' First Set of Requests for Production, including without limitation, the six categories Plaintiff agreed to produce: (a) social media posts from January 1, 2025 through February 12, 2026; (b) all records relating to Plaintiff's migraines; (c) all records relating to Plaintiff's 2021 wrist injury; (d) all photographs of the collision and vehicle damage;

---

of her records concerning pre-existing right wrist and migraine conditions/injuries, as well as any additional travel or physically demanding activities revealed through additional document productions.

(e) records sufficient to show Plaintiff's travel schedule from January 1, 2025 to the present; and (f) records concerning Plaintiff's work schedules from May 1, 2025 to the present;

(ii) directing Plaintiff to confirm in writing by the same date certain the steps she has taken to preserve responsive materials, including electronically stored information, and when each such step was taken;

(iii) awarding Defendants their reasonable expenses, including attorneys' fees, incurred in making this motion pursuant to Rule 37(a)(5)(A); and

(iv) granting such other and further relief as the Court deems just and proper.

October 15, 2026

**AKERMAN LLP**

*s/ Amy Errichiello*
Samuel G. Mann (admitted *pro hac vice*)
Amy Errichiello (SC Bar No. 14720)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Telephone: (704) 625-7703
samuel.mann@akerman.com
amy.errichiello@akerman.com

*Counsel for Defendants*

**CERTIFICATE OF CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.02 (D.S.C.), I certify that counsel for Defendants conferred with counsel for Plaintiff in a good faith effort to obtain the discovery at issue and to resolve this dispute without court action. Those efforts included a conference with Plaintiff's counsel at and immediately following Plaintiff's September 2, 2026 deposition, a written confirmation of the agreed production on September 3, 2026, follow-up communications on September 14, September 21, and September 25, 2026, and a detailed deficiency letter dated October 1, 2026. Despite these efforts, the parties have been unable to resolve the issues raised in this motion, and Plaintiff has not produced the documents at issue.

This 15th day of October, 2026.

**AKERMAN LLP**

*/s/ Amy Errichiello*
Amy Errichiello (SC Bar No. 14720)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Telephone: (336) 296 7126
amy.errichiello@akerman.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I electronically filed the foregoing ***DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND FOR AN AWARD OF EXPENSES*** with the Clerk of the Court using the Court's CM/ECF system, which will automatically effect service upon all counsel of record.

**AKERMAN LLP**

*/s/ Amy Errichiello*

Amy Errichiello (SC Bar No. 14720)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Telephone: (336) 296 7126
amy.errichiello@akerman.com

*Counsel for Defendants*