**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| MIA BROWN,<br><br>*Plaintiff*,<br>v.<br><br>KENNETH WILLIAMS and<br>PLATEAU EXCAVATION, INC.,<br><br>*Defendants*. | Civil Action No. 1:26-cv-00616-MGL |

# JOINT DISCOVERY PLAN

Pursuant to the Court's November 2, 2026 directive that the parties confer, agree on a date by which all discovery will be produced, and submit a plan resolving all of Defendants' other requested relief, Plaintiff Mia Brown and Defendants Kenneth Williams and Plateau Excavation, Inc. submit the following Joint Discovery Plan.

## I. Preservation of Responsive Materials

**(a) Written itemization of preservation steps.** On or before Tuesday, November 10, 2026, Plaintiff shall serve on Defendants a written statement identifying each step taken by Plaintiff, or persons working on her behalf, to preserve documents, electronically stored information, and other evidence potentially relevant to the claims or defenses in this action, beginning when Plaintiff first

reasonably anticipated litigation concerning the collision and continuing through the date of the itemization. The itemization shall identify each preservation step taken and the date it was taken; and the categories of materials (including but not limited to photographs, videos, electronic documents, and paper files), devices, accounts (including but not limited to email, instant messaging, and social media accounts), and other sources covered by each step. This requirement is not limited to materials responsive to Defendants' First Requests for Production. Plaintiff need not disclose privileged attorney-client communications or protected attorney work product, but shall identify the nonprivileged facts concerning the preservation measures actually implemented.

**(b) Ongoing preservation.** Effective immediately and continuing through the pendency of this action, Plaintiff shall preserve all responsive materials within her possession, custody, or control, and shall not delete, alter, archive, overwrite, reset, or otherwise make unavailable any such materials or the devices or accounts on which they reside, including her mobile device(s) and all social media accounts (Facebook, Instagram, TikTok, and any others). Plaintiff shall suspend any automatic-deletion or disappearing-message settings on those devices and accounts.

## II. Completion of Document Production

Plaintiff shall complete production of all responsive, non-privileged documents in the following categories, which Plaintiff has not objected to, on or before **December 7, 2026**:

1) Social media posts, photographs, and videos from January 1, 2025 through February 12, 2026;
2) All records relating to Plaintiff's migraines or a written statement certifying that, to the best of plaintiff's knowledge, no such records exist;
3) All records relating to Plaintiff's 2021 wrist injury;
4) All photographs Plaintiff took of the collision and the damage to the vehicles;
5) Records sufficient to show Plaintiff's travel from January 1, 2025 to the present, including photographs, videos, itineraries, confirmations, and receipts; and
6) Records concerning Plaintiff's work schedules from May 1, 2025 to the present.

To the extent Plaintiff withholds any responsive document on the basis of privilege, Plaintiff shall serve a privilege log concurrently with this production.

## III. Forensic Collection of Devices and Accounts

Because Plaintiff has testified that she did not search her devices or social media accounts for responsive materials, and in light of the preservation concerns

described above, Plaintiff shall implement a forensic collection of Plaintiff's mobile device(s) and social media accounts.

The collection shall be performed by a neutral forensic examiner whose identity and credentials will be disclosed to Defendants on or before **November 13, 2026**. Defendants reserve the right to communicate with the neutral forensic examiner to ask questions regarding the collection, including the methods used.

## IV. Meet-and-Confer Regarding Reopening of Plaintiff's Deposition

The parties shall meet and confer to discuss whether Plaintiff's deposition should be reopened in light of Plaintiff's additional document production. That conference shall occur within three (3) business days after Plaintiff substantially completes her document production, but in any event no later than December 11, 2026. Nothing in this paragraph constitutes a waiver of either party's position as to whether Plaintiff's deposition should be reopened.

## V. Dispute-Resolution Backstop

The parties shall negotiate in good faith to reach agreement on the open dates and the forensic protocol. If the parties are unable to agree on any term of this Plan, they shall so notify the Court and submit competing one-page proposals as to the disputed term(s) for the Court's resolution.

## VI. Preservation of Rights

This Plan is submitted in response to the Court's directive and in a good-faith effort to resolve the parties' discovery disputes without further Court intervention. Except as expressly set forth herein, the parties reserve all rights, defenses, and objections, and nothing in this Plan shall be construed as a waiver of any position either party has taken or may take, including as to the completeness of prior productions and any available relief for the failure to preserve or produce responsive materials.

This 6th day of November, 2026.

Respectfully submitted,

**MORGAN & MORGAN, PA**

*s/ Cooper Klaasmeyer*
James G. Biggart, II, Esquire (Fed. Bar 14195)
Cooper Klaasmeyer, Esquire (Fed. Bar 14272)
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
(843) 973-5186

*Counsel for Plaintiff*

**AKERMAN LLP**

*s/ Amy Errichiello*
Amy Errichiello (Fed. Bar No. 14720)
Samuel G. Mann (admitted *pro hac vice*)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Telephone: (704) 625-7703
samuel.mann@akerman.com
amy.errichiello@akerman.com

*Counsel for Defendants*